In the Matter of the Application of William H. Judson and Another, as Executors, etc., of Horatio Rowe, Deceased.— Motion to dismiss appeal denied, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ.

In the Matter of the Judicial Settlement of the Account of Kings County Trust Company, as Executor and Trustee, etc., of Mary Elizabeth Lewis, Deceased.— Motion to resettle order of June 17, 1915, granted; such order to be resettled on two days' notice before the presiding justice. Present — Carr, Stapleton, Rich and Putnam, JJ.

Holmes Jones, Respondent, v. Lilla M. Baldwin-Devine, Appellant.— Motion granted, without costs. Present — Carr, Stapleton, Rich and Putnam, JJ.

William Maher, an Infant, etc., Appellant, v. Samuel Rowland, Respondent.— Motion for reargument denied, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ.

Ellen C. Millette, as Administratrix, etc., Plaintiff, v. New York, Westchester and Boston Railway Company, Defendant.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Carr, Stapleton, Rich and Putnam, JJ.

Ellen C. Millette, as Administratrix, etc., Appellant, v. New York, Westchester and Boston Railway Company, Defendant.— Motion for reargument denied, with ten dollars costs. Present — Carr, Stapleton, Rich and Putnam, JJ.

Wallace T. Nickerson, Respondent, v. Electro-Silicon Company, Appellant.— Motion to dismiss appeal denied, on condition that defendant perfect the appeal, place the case on the November calendar, and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Carr, Stapleton, Rich and Putnam, JJ.

Lillian Schutrick, Respondent, v. Alexander Douglas, Appellant.— Motion to dismiss appeal denied, on condition that defendant perfect the appeal, place the case on the November calendar, and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ.

Percy Williams, Respondent, v. William K. Dickerson, Defendant. Everett Greene, Individually, and Others, Appellants.— Motion to dismiss appeal granted, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Putnam, JJ.

In the Matter of the Application of J. Harry Myers for the Removal of Warren E. Burns as a Trustee of the Incorporated Village of Long Beach.— The authority of the court to remove a trustee or other village official is entirely a creature of statute. Under the terms of Laws of 1896, chapter 573 (now Public Officers Law, § 36),* the court can remove only for "misconduct, maladministration, malfeasance or malversation in office." This limits our power to official acts. This power of removal is, therefore,

---

* Public Officers Law (Gen. Laws, chap. 7; Laws of 1892, chap. 681), § 25a, as added by Laws of 1896, chap. 573; now Public Officers Law (Consol. Laws, chap. 47; Laws of 1909, chap. 51), § 36.— [REP.